McKiNNEY, J.,
delivered the opinion of the Court.
The plaintiffs brought this action of ejectment for the recovery of a tract of land of 640 acres, lying in what is now Jackson county; and failing in the action, they have brought the case to this Court by an appeal in error.
The land is granted to James Gillespie, by grant from North Carolina, bearing date May 20th, 1793. The grantee, by his will, devised the same to three of his sons, and a grandson. The devisees, by several conveyances, sold and conveyed the entire tract to Lewis E. Wortham, the ancestor of the plaintiffs, who died intestate in 1842.
In 1846 said tract of land was reported to the Circuit Court of Jackson county, by the tax collector of said county, for non-payment of the taxes of 1845; and judgment was entered that the same be sold. Accordingly, on the 6th of July, 1846, the entire tract was sold to one McOarver, who afterwards, on the 4th of November, 1847, transferred his bid to the defendant, Cherry; to whom, shortly thereafter, the sheriff executed a deed, in pursuance of the tax sale.
On the 23d of August, 1854, several years after the execution of the deed above mentioned, and after the sheriff who made the sale and executed said deed had gone out of office, the defendant procured another deed to be prepared and executed by a succeeding sheriff, based upon the same tax sale ; and upon this latter deed the defendant relies to establish in himself a legal title to said land — the former deed not being produced. The reason for taking a second deed, as proved by the attorney who prepared it, was that the first one “was not a good deed.”
On the trial, exceptions were taken to the probate and registration of certain of the conveyances executed by the Gil-lespies to plaintiff’s ancestor; but in the view we have taken *470 of the case, it is not necessary that we should notice these exceptions. On the other hand, the regularity of the proceedings in the tax sale were impeached; but we are likewise relieved from the necessity of noticing the objections to the validity of said sale.
We place the decision upon grounds different from those assumed in the argument.
1st. In the present case, both parties derive their title from Lewis E. Wortham, — the plaintiffs by descent, and the defendant by purchase at the tax sale. And it is a well established principle in the action of ejectment, that where both parties claim title under the same third person, it is sufficient to prove the derivation of title from him, without proving his title. Tillinghast’s Adams on Eject., 248; 2 Grreenleaf’s Ev., sec. 307. The introduction of the title papers excepted to, was therefore unnecessary, and they will be left out of view. The defendant derives whatever title he may have under Lewis E. Wortham, and is therefore estopped to gainsy his title.
2d. If the proceedings in the report, condemnation, and sale of the land for taxes were admitted to be regular, — contrary to our present impressions, — still, the sheriff’s deed relied on by the defendant is of no validity.
The power of a sheriff to execute a deed for land sold by his predecessor in office, is a power derived entirely from the statute. And this power, by the express terms of the statute, is restricted to the case where the “ sheriff may go out of office not having executed deeds for land sold by him while in office.’” In such eases, alone, is the successor empowered to execute the deed. Act 180$, ch. 84, sec. 1.
We need not stop to inquire whether the recital of matters of fact, in the second deed, not authorized by the tax collector’s report, would be of any avail. It is sufficient to rest the determination upon the ground that the deed itself — all other objections aside — is a nullity.
In this view of the case, the plaintiffs were entitled to recover the land sued for.
Judgment reversed.